CATHERINE FLOWERS, PETITIONER, FOR WRIT OF HABEAS CORPUS FOR LEO McGOWAN, *Plaintiff in Error*, v. R. E. MERRITT, AS SHERIFF OF DUVAL COUNTY, FLORIDA, *Defendant in Error*.

Opinion Filed July 11, 1923.

Where in habeas corpus proceedings it is made to appear from developments subsequent to the suing out of a writ of error, materially changing the status of the person in whose behalf the application for writ of habeas corpus was made, that nothing would be accomplished by a consideration of the cause on the merits, the writ of error will be dismissed.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Dismissed.

*Wm. A. Hallowes, Jr.,* and *Miles W. Lewis,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for Defendant in Error.

WEST, J.—This is an application for writ of habeas corpus, addressed to the judges of the Circuit Court of Duval County, Florida. Upon consideration of the application on the 6th day of March, A. D. 1923, Honorable George Couper Gibbs, one of the judges of the court, made the following order:

"This matter coming on to be heard before the undersigned Judge of this court upon petition for writ of habeas

corpus herein and said petition and accompanying exhibits having been examined by the Court and it appearing to the Court that Leo McGowan, the person in whose behalf Catherine Flowers, the petitioner has presented said petition, is held by the sheriff of Duval County, Florida, by virtue of a certain warrant charging said Leo McGowan with the murder in the first degree of one Hardy Revels in Columbia County, Florida, on November 29th, 1922, issued by the Hon. M. F. Horne, Circuit Judge of the Third Judicial Circuit of Florida, on the 22nd day of February, A. D. 1923, and returnable before the said Judge at the Court House in Columbia County on the 9th day of March, A. D. 1923, to be dealt with according to law, said warrant commanding said officer to arrest said Leo McGowan and him safely keep so that said officer should have his body before the said Judge of said Court at the place and time aforesaid. It further appearing to the Court that pending a hearing before said Judge of the Third Judicial Circuit said Leo McGowan is not illegally restrained of his liberty and that writ of habeas corpus should not issue herein, by the undersigned Judge with leave to present such petition as petitioner may be advised to the Judge of the Third Judicial Circuit, it is, thereupon,

"Ordered, adjudged and decreed that said prayer of said petitioner for the issuance of said writ be and it is hereby denied and said petition is hereby dismissed."

To review this order writ of error was allowed and taken from this court.

The making of this order is assigned as error.

It is urged by counsel for plaintiff in error that the refusal of the writ was a gross abuse of judicial discretion. The Attorney General submits with his brief certified copy of an indictment returned by a grand jury of the Circuit Court in and for Columbia County on the 25th

day of April, A. D. 1923, charging Leo McGowan, for whom the writ was sought, with murder in the first degree, and certified copy of the verdict of a petit jury dated May 12, 1923, finding him guilty of murder in the first degree with recommendation to the mercy of the Court, and certified copy of the judgment of the Court entered on the same day adjudging him guilty of murder in the first degree and imposing a sentence of imprisonment at hard labor in the State prison for the period of his natural life.

In this State of the case the question of whether there was error in the order of the Judge of the Fourth Judicial Circuit denying the writ prayed is immaterial, the question having become moot because of subsequent proceedings and final disposition of the case materially changing the status of the person in whose behalf the application for the writ was made.

The writ of error is therefore dismissed.

WHITFIELD AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.